**No. 48551.**—Protest 803285–G of McLaughlin Gormley–King Co.   (New York).

Opinion by Cline, J.   The record showed that the marking "Hamburg" appeared on a tag tied to the bags with a string.   The collector required that they be marked "Product of Germany" before releasing them.   Following Abstract 31744 the merchandise in question was held not legally marked.   The protest was therefore overruled.

**No. 48552.**—Protest 1985–K of E. M. Sergeant Pulp & Chemical Co. (New York).

Opinion by Cline, J.   The record showed that the glass bottles or carboys were contained in wicker baskets to which were attached wooden tags which bore the words "Made in Germany."   The importer was required to paint the words "Made in Germany" on the wicker baskets before they were released. The classification of the merchandise itself is not challenged.   It appeared that the glass demijohns were marked in accordance with instructions of the Treasury Department (T. D. 47774–1) by the use of wooden tags bearing the proper marking legend, when the markings on the glass itself would be covered by the wicker. The additional duty was manifestly assessed because the outer coverings, the wicker baskets, were not marked with a brush and paint.   From the record the court was of the opinion that the immediate containers of the formic acid were legally marked, and following *Kraft Phenix Cheese Corp.* v. *United States* (22 C. C. P. A. 111, T. D. 47103) the court held that the merchandise here involved was not subject to the additional duty.   Abstract 40711; *Asiam, Inc.* v. *United States* (25 C. C. P. A. 68, T. D. 49065); *American Hatters & Furriers Co.* v. *United States* (1 Cust. Ct. 111, C. D. 31); Abstracts 37079, 39518, 39520, and 39549 cited. Abstract 40801 distinguished.

Before the Third Division, July 15, 1943

**No. 48553.**—Protest 966523–G of Chong Kee Jan & Co. et al. (San Francisco).

Opinion by Cline, J.   It was stipulated that certain of the merchandise, consisting of Bak Hop, lotus nuts (hoi shin lien, hoi pak lin), sui sit, wai san (stick), sar sum (uncut), lo hon qua, yuen yuk, and mok qua, is the same in all material respects as that involved in *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372).   It was therefore held entitled to free entry under paragraph 1669, as claimed.   It was further stipulated that the items consisting of wai san (sliced), yuk chuk, and sar sum (cut) are the same as some of those involved in C. D. 372, *supra*, and were therefore held dutiable as drugs, advanced, at 10 percent under paragraph 34.